GALO CARRERAS, Petitioner, *v.* DISTRICT COURT OF HUMACAO, Respondent.

No. 1034. Argued June 3, 1935.—Decided July 26, 1935.

*González Fagundo & González, Jr.,* for petitioner. The defendants in the main action did not appear.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Galo Carreras brought an action in the Municipal Court of Caguas against María Polo, widow of Ferrari, praying that this defendant be adjudged to receive from the plaintiff $200 and to execute in her favor a deed assigning back to her a certain mortgage credit amounting to $1,100, thereby complying with the provisions of a loan contract entered into between the plaintiff and the defendant. The complaint was subsequently amended to include as a party defendant Angel Ortiz, to whom the others defendant allegedly simulated a transfer of the credit in question.

The defendant Ortiz demurred to the complaint, and alleged that the municipal court did not have jurisdiction because of the amount involved; that there was misjoinder of parties defendant, and misjoinder of causes of action; and that the complaint was ambiguous, unintelligible, and doubtful.

In deciding the grounds of demurrer, the municipal court first considered the one dealing with jurisdiction and concluded that it was well founded because, in its opinion, the amount involved in the litigation was not $200 but $1,100, the value of the mortgage credit, and it held itself without jurisdiction to entertain the action.

The plaintiff then requested that the court "render and enter judgment . . . on the merits of the pleadings," and the court acceded in the following terms:

"On reading the motion of the plaintiff, in which she requests that final judgment be rendered on the pleadings, for the reasons stated in the decision of the demurrer, judgment is rendered holding that this court has no jurisdiction because of the amount involved in this case, as to both defendants, without costs."

The plaintiff appealed from that "judgment" to the district court. After the record was filed there, the hearing of the case on its merits was set for May 24, 1934, on which date the parties argued the demurrer filed in the municipal

court and a motion of the defendant Ortiz to strike the amended complaint; and the district court reserved its decision, which it rendered on the following June 1, denying the motion and overruling the demurrer and granting the defendants ten days in which to answer.

The defendants duly filed their answer. The plaintiff asked the court to render judgment on the pleadings because she contended that the answer was so drafted that it admitted the facts alleged in the complaint, and the court denied her motion on October 11, 1934.

On January 18, 1935, the case was called for trial, which was held, the parties appearing represented by their attorneys, and the case was thus definitely submitted to the district court, which rendered an order on February 21 following, thus:

"The judgment appealed from in this case does not finally decide the debts (*sic*) of the parties. It is not appealable to this court. The appeal is therefore dismissed."

The plaintiff moved for a reconsideration, which the court denied on May 9 last, and then he petitioned this court for a writ of certiorari. After the writ was issued, the original record of the case, showing the facts which we have stated, was sent up. At the hearing only the petitioner appeared, by her attorney, and therefore we have not had the benefit of an opposing argument on the matter. In her brief the petitioner maintains that:

"The two orders which have been copied violate sections 139 and 140 of the Code of Civil Procedure since, even admitting that the demurrer (the only thing pending discussion) was proper, the plaintiff could amend her complaint or request final judgment on the pleadings, for the purpose of an appeal to the Supreme Court, and the orders rendered by the District Court of Humacao bar the plaintiff from being heard in court, since it has dismissed the appeal taken from the judgment rendered by the Municipal Court, holding that the said judgment is not appealable, which holding is also contrary to the Act of 1929 governing appeals.

"The acts cited above have been construed by this Hon. Supreme Court in the following cases:

"*Garcia* v. *The Humacao Fruit Company*, 23 P.R.R. 230.

"*Gutiérrez et al.* v. *Foix et al.*, 23 P.R.R. 68.

"*González* v. *Malgor, Luiña & Co.*, 29 P.R.R. 97.

"*Gelabert Hnos.* v. *Córdova, Dist. Judge*, 17 P.R.R. 1153.

"*Suc. Garriga et al.* v. *Sepúlveda, Dist. Judge*, 26 P.R.R. 43.

"*Fradera* v. *Morales et al.*, 19 P.R.R. 1064.

"*Matos Hermanos & Co.* v. *Ortiz*, 19 P.R.R. 74."

We have examined the decisions of this court which are cited. They hold that in an appeal taken to a district court from a judgment of a municipal court the case should be tried *de novo*. Thus, if the municipal court renders judgment on a demurrer to the complaint for lack of facts sufficient to constitute a cause of action, for example, and the district court is of the opinion that the complaint is sufficient, the case should not be remanded to the municipal court, but should continue in the district court until it is finally decided in accordance with the facts and the law. It is true that in none of the cases cited was the judgment rendered on the ground that the court had no jurisdiction to entertain the case, as happens here, but in the absence of a showing to the contrary, we believe that the same rule should be applied in order to have a fixed procedure.

██ Act No. 2 of 1929 (Session Laws, p. 122) authorizes appeals in the following terms: "When a municipal court has entered judgment in a civil case, disposing finally of the case, . . . ." And a judgment, according to section 188 of the Code of Civil Procedure, "is a final determination of the rights of the parties in an action or proceeding."

Were the rights of the parties finally determined by the judgment of the municipal court from which the plaintiff appealed to the district court? In our opinion they were, in the sense that the municipal court, on the ground of lack of jurisdiction, refused to consider them. The interested party then appealed, in accordance with the law, to the corresponding district court and the latter, likewise in accordance with

the law and the decisions, acquired full jurisdiction to hear the case on the merits.

In the beginning this is what it did, in overruling the demurrers and preparing to judge the case on the merits; and for this reason its final act of simply dismissing the appeal was not justified.

In the case of *Matos Hermanos & Co.* v. *Ortiz*, 19 P.R.R. 74, cited with approval in *Fradera* v. *Morales et al.*, 19 P.R.R. 1064, this court speaking through Mr. Justice Wolf said:

"While it is true, as the appellant alleges, that the municipal courts have jurisdiction to try matters involving less than $500 and that this jurisdiction is not concurrent, yet, as in this case, the Municipal Court of Yauco had decided that the complainant firm had no claim at law, the only remedy of the complainant firm was to appeal, and under the law of appeals from municipal courts to district courts in civil matters, the case must be tried in the latter court *de novo*. The district court acquired jurisdiction of the entire case and was entitled to act in exactly the same way as the municipal court might have acted in the original suit. Hence the court on overruling the demurrer had a right to require the defendant to proceed to answer, as he ultimately did."

In the case of *González* v. *Malgor, Luiña & Co.*, 29 P.R.R. 97, it decided and stated the following:

"The appellants allege that the district court acted without jurisdiction. The amount sued for is less han five hundred dollars, it is true, but inasmuch as the district court did not have original jurisdiction of the case, which was brought in the municipal court and appealed to the district court, the jurisdiction of the latter court is clear.

"The appellants admit this, but maintain that they were entitled to a trial in the municipal court, another trial *de novo* in the district court and an appeal to the Supreme Court, and that as the municipal court decided the case on a demurrer and therefore without a trial, by this proceeding they were deprived of their right to a trial in the municipal court.

"We can not agree with them. The judgment entered in the municipal court put an end to the controversy there. If an appeal had not been taken from that judgment, or if the judgment had

been entered after a trial, it would have definitely settled the rights of the parties. It was appealed from and the district court acquired full jurisdiction of the whole case. It overruled the demurrer and tried the case to a judgment which was appealed from to the Supreme Court. What can the appellants validly complain of? If the amount sued for had been larger, only the district court would have had jurisdiction of the case. Hence, the allegation of the appellant is wholly unfounded."

For the reasons stated the order of February 21, 1935, must be vacated and the original record returned to the district court from which it was sent, for further proceedings in accordance with the law.

Mr. Justice Córdova Dávila took no part in the decision of this case.